**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF TEXAS**

FILED - CLERK
U.S. DISTRICT COURT

2002 JUL -2 PM 3: 24

TX EASTERN - LUFKIN

BY_____

| | | |
|---|---|---|
| GERRY CRAWFORD | * | **UNITED STATES COURT** |
| D/B/A PRECISION | * | |
| PLUMBING COMPANY | * | **EASTERN DIST TEXAS** |
| PLAINTIFF | * | |
| | * | |
| V | * | U. S. CAUSE NO.# 9:02cv174 |
| | * | |
| RYTECH CONSTRUCTION | * | **Judge Hannah** |
| SERVICES, INC., L-3 COMM- | * | |
| UNICATIONS INTEGRATED, | * | |
| BUCK HILL, INDIVIDUALLY, | * | |
| JODY PARISH, INDIVID- | * | |
| UALLY, DIANE WALKER, | * | |
| INDIVIDUALLY, AND BUTLER | * | |
| HEAT & AC | * | |

## NOTICE OF REMOVAL

**COMES NOW**, Gerry Crawford D/BA Precision Plumbing Company, Plaintiff

hereinafter who removes the cause of action herein and entitled above to the jurisdiction

of the United States Federal Court, Eastern District of Texas.

Gerry Crawford D/B/A Precision Plumbing Company is a Texas Company

operating in the State of Texas whose principal address is P.O. Box 632075,

Nacogdoches, Texas 75963.

Defendant's Rytech Construction Services, Inc. may be had with service at their

general offices at 1331 N Plano road, Richardson, Texas 75081.

Defendant, L-3 Communications Integrated may be had with service at their

principal office by serving the Chairman and CEO, Mr. Frank Lanzo, 1 Federal Street,

Camden, NJ, 08103.

Defendant, L-3 Communications, Texas Division may be had with service by

in their official capacity of service at Rytech Construction Services, Inc., 1331 N Plano

serving Andy Bench, Attorney, at 10001 Jack Finney Blvd, Greenville, Texas 75403.

Defendant, Buck Hill, individually, may be had with service at the general office of Rytech Construction Services, 1331 N Plano Road, Richardson, Texas 75081.

Defendant, Jody Parish, individually may be had with service at the general office of Rytech Construction Services, Inc., 1331 N Plano Road, Richardson, Texas 75081.

Defendant, Diane F Walker, may be had with service at 16812 N Dallas Parkway, Dallas, Texas 75248.

Defendant, Butler Heat & Ac may be had with service at 1208 N First, Merkel, Texas 75936.

## REMOVAL

Plaintiff, Gerry Crawford D/B/A Precision Plumbing Company removes this cause of action from the 354th State Judicial District Court, Greenville, Hunt County, Texas 75403. State Cause Number, C-65-009.

This cause of action involves more than one defendant and at least one of the defendant's maintain and/or possess a governmental contract from the United States Federal Government. The other defendant's are enjoined with L-# Communications Integrated as "contractual agents" and further under the "contractual agents" the other defendant's are in the employ thereof.

For these reason, Gerry Crawford D/B/A Precision plumbing Company, P.O. Box 632075, Nacogdoches, Texas removes this case and incorporates all filings, pleadings, responses upon removal that have previously been maintained in said court.

Respectfully submitted,

**GERRY CRAWFORD
D/B/A PRECISION PLUMBING
COMPANY
P.O. BOX 632075
NACOGDOCHES, TEXAS 75963
(936) 414-0565**

# IN THE STATE COURT OF HUNT COUNTY

## GREENVILLE, TEXAS

GERRY CRAWFORD
D/B/A PRECISION
PLUMBING COMPANY
      PLAINTIFF

V

RYTECH CONSTRUCTION
SERVICES, INC., L-3 SYSTEMS,
BUCK HILL, INDIVIDUALLY,
JODY PARISH, INDIVIDUALLY,
DIANE F WALKER, INDIVID-
UALLY, AND BUTLER HEAT &
AC

      DEFENDANT'S

354th STATE DISTRICT COURT

HUNT COUNTY

GREENVILLE TEXAS

STATE CAUSE NO. 65,009

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF

COMES NOW, Gerry Crawford D/B/A Precision Plumbing Company, Plaintiff,

hereinafter, whose principal place of business is P.O. Box 632075, Nacogdoches, Texas

75963-2075. Plaintiff may be addressed in regards at the general offices of Precision

Plumbing Company herein and above.

Defendant Rytech Construction Services, Inc. is a Texas Corporation who may be

served at 1331 N Plano Road, Richardson, Texas 75081.

Defendant L-3 Systems is a Texas Corporation who may be served at 10001 Jack

Finney Blvd, Greenville Texas 75403.

Defendant's Buck Hill, individually, and Jody Parrish, individually may be served

in their official capacity of service at Rytech Construction Services, Inc., 1331 N Plano

Road, Richardson, Texas 75081.

Defendant Diane Walker may be served at 16812 Dallas Parkway, Dallas, Texas 75248.

Defendant Butler Heat & AC may be served at 1208 North First Street, Merkel Texas 75936.

## JURISDICTION

The court has jurisdiction over the defendant's because defendant Rytech Construction Services, Inc. is a Texas Corporation conducting services within the State of Texas and defendant's, Buck Hill, individually, Jody Parrish, individually, and Diane Walker are Texas residents who are employed in service for defendant Rytech Construction Services, Inc. L-3 Systems are believed to be a Texas Corporation conducting services within the State of Texas. Defendant Butler Heat & AC is believed to be a Texas Company conducting services within the State of Texas upon issuance of Texas HVAC License.

## VENUE

Venue is proper in this county because this county is where the cause of action(s) accrued. However, notwithstanding, plaintiff's principal place of business operation is Nacogdoches, Nacogdoches County, Texas.

This suit involves multiple defendants. Venue is proper against defendant's Rytech Construction Services, Inc. and L-3 Systems because these defendant's employed Precision Plumbing Company, for services rendered in this county of which plaintiff complains of "failure" of payment for said services.

Venue is therefore proper against Buck Hill, individually, Jody Parrish, individually, Diane Walker, individually, and Butler Heat & AC who are in the employ of Rytech Construction Services, Inc. and L-3 Systems who have individually participated in the actions of withholding plaintiff's payment for services.

## CAUSE OF ACTION NUMBER ONE

On March 28, 2002, plaintiff submitted Application and Certificate for Payment with demand on the defendant's to pay the amount due on account, but defendant has failed and refused. The written demand was made more than 30 days before filing on this suit, in compliance with Civil Practice & Remedies Code, Art. 38.002.

The principal balance due plaintiff Gerry Crawford D/B/A Precision Plumbing Company on the account exceeds $ 96,900.00, after allowing for all just and lawful offsets, payments, and credits.

## CAUSE OF ACTION NUMBER TWO

Defendant's on or about June 21, 2002 sought the services of defendant Butler Heat & AC to remove existing heaters previously installed by Precision Plumbing Company without notice to Precision Plumbing Company of such intentions and without retrieving the appropriate documentation for such removal at the harm and detriment of Precision Plumbing Company. Therefore, defendant Butler is attempting to install such equipment with Precision Plumbing Company's permits and license. Such is illegal and prohibited. To the advantage of plaintiff this knowledge became available too Precision Plumbing Company. Notwithstanding, however, had this knowledge not become available to plaintiff, plaintiff would've had to insure a warranty for the

installation and the General Liability Policy of Precision Plumbing Company would be responsible for any future actions, incidents, or accidents relating to installation. The heaters currently installed were installed by error due to the manufacturer having shipped the inappropriate specified heaters. However, the current heaters installed have been operational to the benefit of Rytech Construction Services, Inc. and L-3 Systems which a current balance remains. Precision Plumbing Company re-ordered the appropriate replacement heaters and until 06/20/2002 such heaters were warehoused in the offices of P & G Plumbing Supply. The removal of the present heaters without the appropriate permits and license is illegal and prohibited and Rytech Construction Services, Inc. and L-3 Systems have set forth a schedule of 12:00 A.M. - 5:00 A.M. during a weekend. This removal is for the sole intent to allege the workmanship of plaintiff is of sub-quality to the continued harm and detriment of Precision Plumbing Company. In removing such heaters/equipment the imminent harm will continue should for any reason a malfunction causing bodily injury occurs. The damages this imminent harm could result would surely exceed $2,000,000.00 (Two Million Dollars and no/100's).

If the equipment is removed and replaced with unskilled and unlicensed labor Precision Plumbing Company requests the court enter an injunction requiring the defendant's enjoined and separate to submit a bond in the amount of $2,000,000.00 (Two Million Dollars and no/100's) to cover such malfunction, actions, incidents, or/and accidents and that such be placed in the registry of this court immediately and before any removal may be had. Plaintiff is willing to consider the General Liability Insurance Policy of a State of Texas licensed HVAC operating company provided said company maintains all warranty on the building and a copy of the policy is placed in the

registry of this Court.

## CAUSE OF ACTION NUMBER THREE

Defendant Diane Walker, individually, is a licensed attorney practicing in the State of Texas who is believed to have a long-standing personal relationship with the owner of Rytech Construction Services, Inc. Ms. Walker was notified during March 2002 Precision Plumbing Company, it's officers and agents were represented by John L Green, CPA/PhD/Attorney, 4833 Loop Central, Houston, Texas on more than one occasion and by more than one party.

However, Ms. Walker has continued to harass, be abusive, telephoned creditor's regarding Precision Plumbing Company's personal accounts in attempts to obtain credit information without authorization, telephoned vendor's who in conjunction with Precision Plumbing Company have Mechanic's Liens filed against the property subject to this suit stating "their liens were defective" without authorization or fee for legal advice.

Ms. Walker by way of her actions and acts has libeled and slandered unprofessionally and maliciously Jerry Bynum CEO, Precision Plumbing Company Gerry Crawford, President, and officers/employees of Precision Plumbing Company implying in verbal and written communications to Precision Plumbing Company's vendors and creditor's the plaintiff was a "thief" for placing and then removing a check detector valve that weighs in excess of 1222 lbs. for the purposes of "holding the project hostage." The valve in question was not shipped to Precision Plumbing Company until May 17, 2002, remains unpaid by Rytech Constructions Services, Inc. and remains in the possession of Precision Plumbing Company. However, the defendant's are in possession

of the concrete vault which houses the valve.

Precision Plumbing Company by way of Ms. Walker's actions has suffered a tremendous loss of creditability with vendor's whom have long-standing relationships with Precision to the extent Precision in the future must secure additional vendor's in order to continue daily operations. Ms. Walker's malicious recklessness has damaged Precision Plumbing Company in an amount exceeding $1,000,000.00 (One Million Dollars and no/100's) which plaintiff seeks to recover.

### CAUSE OF ACTION NUMBER FOUR

Defendant's Buck Hill, individually and Jody Parrish, individually have libeled and slandered Precision Plumbing Company, Jerry Bynum, CEO, Gerry Crawford, President, and it's employees/agents inasmuch as one of these defendant's have and continue to drive by Mr. Bynum's home, have released on the ~sly~ "off the record" documents unbecoming to the character of Precision Plumbing Company, Jerry Bynum, CEO, Gerry Crawford, President to other persons commenting on Precision's ability to fulfill their obligations to Rytech Construction Services, Inc. Mr. Parish has referred to Ms. Crawford in the term "bitch" on the project jobsite in front of other employees and sub-contractors.

Further, these two defendant's have sought testimony statements for a fee from various sub-contractors in attempts to have them offer incorrect and unbecoming witness testimony for any ensuing legal litigation of Rytech Construction Services, Inc.

These two defendant's and their actions, "off the record" documentation, and written comments have libeled and slandered the creditability and character of Precision Plumbing Company who has remained solid since July 1, 1993 and has never in nine

years of operation had to file a Mechanic's Lien against a company unwilling and unable to remit payment for services rendered.

Due to the continued slander, libel and malicious allegations, spoken words, and written documentation of these defendant's Precision Plumbing Company has suffered immeasurable damage in an amount exceeding $1000,000.00 (One Million Dollars and no/100's).

## CAUSE OF ACTION NUMBER FIVE

Rytech Construction Services, Inc. and L-3 Systems have failed to pay Precision Plumbing Company for services rendered in good faith, at or/and above specifications which has passed or/and surpassed every inspection, and remains operational to the benefit of the defendant's .

Therefore, Precision Plumbing Company has suffered immeasurable damage for breach of a fiduciary obligation, common law fraud, and tortuous interference with continued and ongoing work related projects of Precision Plumbing Company which plaintiff seeks damages in an amount exceeding $1000,000.00 (One Million Dollars and no/100's) excluding punitive and exemplary damages.

## ATTORNEY'S FEES

As a result of defendant's refusal to pay the account, plaintiff has had to retain the counsel of John L Green, 4888 Loop Central, Suite 445, Houston, Texas to recover the amount due on the account and the damages suffered thereof. Due to the urgency of this Application for TRO and Injunctive Relief Mr. Green will substitute this petition on or before the hearing date. Mr. Green is presently out-of-state.

Therefore, should it become necessary for the employment of Mr. Green's professional services at hearing, plaintiff seeks reimbursement for its reasonable attorney's fees under Civil Practice & Remedies Code, Art. 38.001

## APPLICATION FOR TEMPORARY RESTRAINING ORDER

Plaintiff, Gerry Crawford D/B/A Precision Plumbing Company asks this court to prevent defendant's Rytech Construction Services, Inc. and L-3 Systems from disbursing any further money due and payable to plaintiff which remains in the possession of Rytech Construction Services, Inc. in attempts to seek other labor for completion of this project up to and until such Mechanic's Lien has been fully satisfied with payment for services/labor or/and materials furnished for this project.

Plaintiff asks the court to restrain Rytech Construction Services, Inc., L-3 Systems, Buck Hill, individually, Jody Parrish, individually, and Diane F Walker, individually from telephoning and interfering with any vendor or credit issuing company which maintains or extends credit for services/labor or/and materials to Precision Plumbing Company.

Plaintiff asks the court to restrain Butler Heat & AC from removing any equipment or/and materials previously installed at the expense of Precision Plumbing Company and if such removal is ordered by the Court, Precision Plumbing Company be allowed to remove the materials which are property of Precision Plumbing Company at plaintiff's expense to which Precision Plumbing Company seeks reimbursement in an amount exceeding $ 10,000.00 (Ten Thousand Dollars and no/100).

Plaintiff asks the court to restrain Buck Hill, individually and Jody Parrish, individually from coming within 100 feet of Jerry Bynum, CEO, Gerry Crawford,

President, and any other agent or/and employee of Precision Plumbing Company on any job related project, their homes, their families, their children, or/and telephoning any of the parties cellular, telefax, computer, e-mail, and home telephone numbers due to previous "bodily threats" alleged at Jerry Bynum, CEO and Gerry Crawford, President.

It is probable that the plaintiff will recover from the defendant's for their failure to remit payment for the services rendered, materials in service and operation on the project and for all damages created individually or together enjoined by the defendant's.

If plaintiff's application is not granted, harm is imminent because the defendant's are in the process of removing the previous installed equipment, pre fabricated materials, and attempting to replace such creating an expensive liability in the future for Precision Plumbing Company and it's vendor's/suppliers.

The defendant's will upon removal shall be in possession of equipment/materials/supplies which the right of possession belongs with Precision Plumbing Company and after such removal the loss without recovery will harm Precision Plumbing Company.

Additionally, this allows the defendant's to seek a final Certificate of Occupancy on the building without having remitted payment for the materials/labor/supplies therein and almost assures Precision Plumbing Company will not be able to recover the loss.

The harm that will result if the TRO is not issued is irreparable because Precision Plumbing Company will revolve into litigation at the expense of Precision Plumbing Company. Precision Plumbing Company is not positioned to suffer and overcome the loss the defendant's have created until such litigation and judgment

thereto attaches and becomes final.

Plaintiff has no adequate remedy at law because it is known that upon receiving the final retain-age money currently in the possession of L-3 Systems the damages then become incalculable and the defendant's Rytech Construction Services, Inc. are insolvent and incapable of making payment. Plaintiff expects a bankruptcy proceeding to ensue upon receipt of the withheld retain-age money as counsel of defendant Rytech Construction Services, Inc. has on many occasion offered Rytech Construction Services, Inc. were having "financial difficulties" due to a downturn in the construction business in the Dallas area.

There is insufficient time to serve notice on the defendant's and to hold a hearing on the application as the defendant's are attempting to hastily remove the said equipment/materials/supplies in a hasty attempt to receive the current withheld retain-age money with a final Certificate of Occupancy so as to "turn over" the building. Such is not possible with a TRO which protects Precision Plumbing Company, it's vendor's, and equipment/materials/supplies in inventory and installed in the building.

Plaintiff is willing and able to post bond if the Court deems it appropriate.

## REQUEST FOR INJUNCTION

Plaintiff asks the court to set its application for TRO for hearing, and after hearing the application, issue a temporary injunction against all the defendant's.

WHEREFORE PREMISES CONSIDERED, Gerry Crawford D/B/A Precision Plumbing Company, Plaintiff asks the court to GRANT the TRO and Temporary Injunction against the defendant's and for all other relief the court deems appropriate

legal and equitable in law whether sought or denied.

RESPECTFULLY SUBMITTED,

Gerry Crawford
D/B/A Precision Plumbing Company
President
P.O. Box 632075
Nacogdoches, Texas 75963-2075

STATE OF TEXAS
COUNTY OF NACOGDOCHES

<u>AFFIDAVIT OF GERRY CRAWFORD</u>

ON THIS THE 21th DAY OF June, 2002, Gerry Crawford appeared before me, the undersigned notary public, and after I administered an oath to her, upon her oath, she said:

"My name is Gerry Crawford. I am capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

I am the president of Precision Plumbing Company, POB 632075, Nacogdoches, Texas 75963-2075. I have remained president since on or before the 22nd day of September 2000.

I am familiar with a project undertaken by Precision Plumbing Company in Greenville, Hunt County, Texas on or about November 1, 2001 under the direction and employment of the General Contractor for said project, Rytech Construction Services, Inc. I have never personally been on site of this project at any time.

I am familiar with the fact there is no binding contractual agreement by and between the parties and the services of Precision Plumbing Company were purchased on a Purchase Order with a blanket purchase order number and such number is: 811620. All applications and certificates of payment have been remitted on P.O. number 811620.

Up to and until late March or early April 2002 there had been problems in Precision Plumbing Company receiving it's P.O. payments. The general contractor continually remained in arrears. In late March or early April the general contractor begin to try and rework the terms of service. At the time the general contractor was in arrears for the February payment applications. During this period of time Diane F Walker became involved and begins to attempt to also rework the terms of service and made it known the general contractor was having financial difficulties. However, Ms. Walker wanted the additional work to continue on schedule. Such continued.

The conflict became well known when again the general contractor failed to submit payments for the March, April, May applications after having received their payment from the owners of said project. Said payments have failed to be remitted and remain in arrears. However, it's the contention of the general contractor that a) the present workmanship be replaced so as to contend Precision Plumbing Company erected sub-quality workmanship and therefore their services should not be paid for or/and b) they refuse to remit payment for the services/materials/equipment/supplies already in their possession with a remaining balance due and payable.

I am familiar with the application for temporary restraining afore attached hereto and the facts contained therein. These facts are within my knowledge and true and correct

upon the date of recording this affidavit.

**GERRY CRAWFORD**
**PLAINTIFF**

SWORN TO AND SUBSCRIBED BEFORE ME BY GERRY CRAWFORD ON
THE 27TH DAY OF JUNE, 2002.

NOTARY PUBLIC
STATE OF TEXAS

KAY F. PITTMON
PRINTED SIGNATURE



KAY F. PITTMON
Notary Public, State of Texas
My Commission Expires 1-01-2006

SEAL

# IN THE STATE COURT OF HUNT COUNTY

## GREENVILLE, TEXAS

| | |
|---|---|
| GERRY CRAWFORD D/B/A PRECISION PLUMBING COMPANY **PLAINTIFF** | *354th* STATE DISTRICT COURT |
| | HUNT COUNTY |
| **V** | GREENVILLE TEXAS |
| RYTECH CONSTRUCTION SERVICES, INC., L-3 SYSTEMS, BUCK HILL, INDIVIDUALLY, JODY PARISH, INDIVIDUALLY, DIANE F WALKER, INDIVID- UALLY, AND BUTLER HEAT & AC **DEFENDANT'S** | STATE CAUSE NO. *65,009* |

## AFFIDAVIT OF BUTCH HORTON

ON THIS THE ___27___ DAY OF _JUNE_ , 2002, Butch Horton appeared before me, the undersigned notary public, and after I administered an oath to him, upon his oath, he said:

"My name is Butch Horton. I am capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

I am an employee of Precision plumbing Company, P. O. Box 632075, Nacogdoches, Texas. I have been employed at Precision plumbing Company for the previous four (4) years.

Ms. Crawford, President of Precision with the consent of Mr. Bynum, CEO appointed me as the site manager on a job for L-3 Systems under the direction of the general contractor, Rytech Construction Services, Inc.

I, with other Precision employees and with Mr. Bynum conducted the take-off in late October or early November 2001. At the time of take-off we began placing our pipe in ground. The building was then pre-formed. However, the GC waited nearly two (2) month's to have the slab poured. This started the job behind schedule which to date has still un-recovered.

I've attended every job meeting weekly. I'm familiar with the hold-ups, lay-offs, and the schedule of being behind at the hand of this GC. All meetings and the text of such are recorded in the records of Precision Plumbing Company.

I've forwarded applications/certificates of payment, received payment checks, and

delivered other documentation to the GC on behalf of Precision Plumbing Company. I am the employee who received the last payment from the GC on April 19, 2002 which had been past due since February. I've additionally been with Mr. Bynum several times when he went to the offices of Rytech to pick up our payments. usually Mr. Bynum was put off or if he did receive money it was only a partial payment. The payments for this project have consistently remained in arrears.

I am the agent who was authorized to file the sub-contractor's lien. Although it is debatable as to if the lien is correct the fact remains it was necessary to secure the interest of Precision Plumbing Company. I'm not an attorney, however, I've worked in the construction industry for forty (40) years and I certainly maintain knowledge of my craft, including liens.

I am familiar with the tactics of Rytech Construction Services, Inc. in remitting payments to the sub-contractors and I've additionally brought these actions to the attention of L-3 Systems. L-3 Systems has always maintained knowledge the GC, Rytech Construction Services, Inc. were collecting their money and failing to submit it to the sub-contractors. So much so that L-3 Systems begin to tell all of the sub-contractors during the weekly job meetings when payments were being sent, picked up, or the date of possession of payments so the sub-contractors could begin the process of telephoning and going by the offices in hopes of getting "paid." There are still sub-contractors who remain unpaid.

Being familiar with every aspect of this project I'm aware of all the late payments, partial payments, and refusals to make payments. These events begin when the GC has funded other past due projects and is short the funds needed to pay the current sub-contractors. I affirm that I personally forwarded the GC the invoices which are currently past due in the 120 column. I'm also aware per conversation that the GC is having financial complications.

Rytech Construction Services, Inc. is in arrears to Precision Plumbing Company in excess of $ 35,000.00 (Thirty-Five Thousand Dollars and no/100's) and for fulfillment of it's obligation to Precision the amount shall exceed $ 96,000.00 (Ninety-Six Thousand Dollars and no/100's) including penalties and interest at the date of this affidavit.

And, I affirm all of the foregoing as true and factual and this shall be my true and correct testimony should it be requested for record.

**BUTCH HORTON**
**AFFIANT**

SWORN TO AND SUBSCRIBED BEFORE ME BY BUTCH HORTON ON THIS
THE ___27___ DAY OF _June_, 2002.

**NOTARY PUBLIC**
**IN AND FOR THE**
**STATE OF TEXAS**

**PRINTED NAME**

TODD ERICKSON
NOTARY PUBLIC
STATE OF TEXAS
My Commission Expires 01-26-2004

**SEAL**

# IN THE STATE COURT OF HUNT COUNTY

## GREENVILLE, TEXAS

| | |
|---|---|
| **GERRY CRAWFORD** | 354th STATE DISTRICT COURT |
| **D/B/A PRECISION** | |
| **PLUMBING COMPANY** | **HUNT COUNTY** |
| **PLAINTIFF** | |
| | |
| **V** | **GREENVILLE TEXAS** |
| | |
| **RYTECH CONSTRUCTION** | STATE CAUSE NO. 65,009 |
| **SERVICES, INC., L-3 SYSTEM** | |
| **BUCK HILL, INDIVIDUALLY** | |
| **JODY PARISH, INDIVIDUALLY** | |
| **DIANE F WALKER, INDIVID-** | |
| **UALLY, AND BUTLER HEAT** | |
| **& AC** | |
| **DEFENDANT'S** | |

## <u>TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING FOR PRELIMINARY INJUNCTION</u>

ON THE ___ DAY OF _____ 2002 the Court heard plaintiff, Gerry

Crawford D/B/A Precision Plumbing Company's application for temporary restraining

order.

The Court, after examining the pleadings and affidavits finds there is evidence:

a). Plaintiff will recover from defendant's Rytech Construction

Services, Inc., L-3 Systems, Buck Hill, Individually, Jody Parrish,

Individually, Diane F Walker, Individually, and Butler Heat & AC.

b). Harm is imminent, and if the Court does not issue the temporary

restraining order plaintiff will be irreparably injured because plaintiff will

not be able to recover the funds due and payable plaintiff in an amount that

exceeds $ 96,0600.00 excluding any further retainer of counsel and those

associated fees. Plaintiff will not be allowed to retrieve

equipment/supplies/materials that are the rightful ownership of Precision Plumbing Company and it's vendor's Nacogdoches Sheet Metal & Plumbing, P & G Plumbing Supply, and Mechanics Air Design. Plaintiff fears these items/objects will be removed without payment and it will be impossible for Precision Plumbing Company and it's vendor's (herein aforementioned) to recover such equipment/supplies/materials after the defendant's have removed and sold such equipment/supplies/materials for below market value.

c).     An ex parte' order is necessary without notice to the defendant's because there is insufficient time to give notice to the defendant's, hold a hearing, and issue a restraining order before the irreparable harm occurs. The defendant's are in the process of preparing to relocate or/and remove the equipment/supplies/materials forthwith commencing at week's end amid numerous "threats."

**THEREFORE, THE COURT:**

**GRANTS** plaintiff's application for temporary restraining order against the defendant's and sets hearing on the application for injunctive relief on the ___3___ day of _____, 2002 at __9:00__ AM/PM.

**AND**

a).     Restrains defendant's Rytech Construction Services, Inc., L-3 Systems, Buck Hill, Individually, Jody Parish, Individually, Diane F Walker, Individually, and Butler Heat & AC, from removing and replacing

any of the equipment/materials/supplies currently in said building at Wellness Fitness Center, Avenue C and Sixth Street, Greenville, Texas 75403 unless payment for such materials/equipment/supplies is rendered to Precision Plumbing Company and remittance is thereon supplied to the appropriate vendor's in the amounts due and payable;

b).     Restrains defendant's from concealing any other equipment/supplies/materials for completion of said project that is the rightful ownership of Precision Plumbing Company; and further **ORDERS** the defendant's are restrained from attempting to purchase, locate or/and obtain such equipment/materials/supplies from any vendor with whom Precision Plumbing Company conducts ongoing business and the defendant's shall cease these attempts implying the usage of the Master Plumbing License Number of Jerry Bynum, CEO, Precision Plumbing Company immediately. Implication of the usage of this license is illegal and prohibited.

c).     Restrains defendant's, and more specifically, defendant Walker from having any further communications, written, verbal, telephonic, computer generated or/and telefax transmittal to any vendor whose services Precision Plumbing Company employs or/and Jerry Bynum, CEO, and Gerry Crawford, President, Precision Plumbing Company conduct ongoing or/and share ongoing professional/business relationships with in the due course of operations.

d).     Restrains defendant's, and more specifically, Buck Hill,

individually, and Jody Parish, individually, from being within 100 feet of
Jerry Bynum, CEO and Gerry Crawford, President, Precision Plumbing
Company on or and at any:

    a). jobsite where Precision Plumbing Company is conducting
    business,

    b). the homes of both individuals,

    c). telephoning either individual,

and;

    d). the children of both individuals.

e). Restrains defendant's, and more specifically, Buck Hill,
individually, and Jody Parish, individually, from making "bodily threats"
and "terrorist threats of monetary value" e.g. "this is going to cost Jerry
$ 15,000.00 before it's over and then the rest will be dealt with later," "this
is going to ruin Precision Plumbing Company if it's the last thing I/we do"
against  Jerry Bynum, CEO and Gerry Crawford, President, Precision
Plumbing Company, subject to future filing of formal complaint and a
request for protective order which may be issued if this Court deems it
necessary for the protection of Jerry Bynum and Gerry Crawford in the
future;

f). Restrains defendant's Rytech Construction Services, Inc., et al
from withholding the current invoices due (duplicate copies re-forwarded
to defendant Rytech Construction Services, Inc. whom disavows having

been in receipt) payable to Precision Plumbing Company in the amount of

$ 35,000.00 (Thirty-Five Thousand Dollars and no/100's) which has

remained past due since on or before April 10, 2002 on an informal

purchase order number which issued as a blanket purchase order

throughout the term of the business relationship conducted between

Rytech Construction Services, Inc. and Precision Plumbing Company on

said project. Evidence demonstrates cause the defendant's Rytech

Construction Services, Inc., *et. al* have received certified payment from

the owner of said project and the funds are readily available for release to

Precision Plumbing Company without any further delay and immediately

hereafter with certified funds. These funds shall be administered before the

expiration of 12:00 noon July 1, 2002 and are to be delivered to Gerry

Crawford, President, Precision Plumbing Company, POB 632075,

Nacogdoches, Texas 75963 and documentation of said transaction shall be

submitted to this court immediately thereafter.

g). Restrains defendant's from issuing "threats" of a criminal

charge/bodily or/and physical removal of Jerry Bynum, CEO, Gerry

Crawford, President or/and any employee or/and agent of Precision

Plumbing Company who enters the premises of the location where the

equipment/materials/supplies whose rightful owner(s) are

Precision Plumbing Company are presently located.

h). Restrains defendant's from entry into the building where the

equipment/materials/supplies are stored and further restrains defendant's

from operating heavy equipment and more specifically, a back hoe

for the purposes of plumbing, plumbing fixture removal, or/and

installation of any fixtures, including but not limited to, a check valve

detector device which must be placed in a concrete vault whose rightful

owner(s) are Precision Plumbing Company.

**THIS ORDER EXPIRES ON THE _____, DAY OF _____, 2002.**

**AT _____ O'CLOCK AM/PM.**

**SIGNED ON THE ___ DAY OF _____, 2002.**

**PRESIDING JUDGE**

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY THAT THE FOREGOING PLAINTIFF'S ORIGINAL PETITION, APPLICATION FOR TEMPORARY RESTRAINING ORDER, AND INJUNCTIVE RELIEF WERE FORWARDED TO THE FOLLOWING BY THE UNITED STATES POSTAL SERVICE, CERTIFIED MAIL, RETURN RECEIPT REQUESTED, OR/AND VIA TELEFAX WHERE AVAILABLE ON THIS THE _____ DAY OF _____, 2002.

_____
Gerry Crawford

Rytech Construction Services, Inc.
By and through Counsel
Telefax No. (214) 363-0719

Diane Walker
Via Telefax
Telefax No. (214) 363-0719

Buck Hill
Via Certified Mail
RRR
CM# - 7001-0320-003-5356-9987
i/c/o Rytech Construction Services, Inc.
1331 N Plano Road
Richardson, Texas 75081

Jody Parrish
Via Certified Mail
RRR
CM# - 7001-0320-0003-5356-9789
i/c/o Rytech Construction Services, Inc.
1331 N Plano Road
Richardson, Texas 75081

L-3 Communications Integrated
1001 Jack Finney Blvd
Greenville, Texas 75403
Via Certified Mail
CM# - 7001-0320-0003-5356-9987

Butler Heat & AC
Via Certified Mail
RRR
1208 North First St
Merkel, Texas 75936
CM# - 7001-0320-5356-9970